UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK CHARLES WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>CUSTER COUNTY, IDAHO;<br>CUSTER COUNTY PUBLIC<br>DEFENDER'S OFFICE and<br>EMPLOYEES; IDAHO STATE<br>PUBLIC DEFENSE COMMISSION<br>and EMPLOYEES; and UNKNOWN<br>JOHN AND JANE DOES 1<br>THROUGH 50,<br><br>    Defendants. | Case No. 1:22-cv-00098-BLW<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Mark Charles Wilson's

Complaint as a result of Plaintiff's status as an inmate and in forma pauperis

request. The Court now reviews the Complaint to determine whether it should be

summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A.

Having reviewed the record, and otherwise being fully informed, the Court enters

the following Order directing Plaintiff to file an amended complaint if Plaintiff

intends to proceed.

1.      **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility"

standard is met when a complaint contains "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are

not required, but a plaintiff must offer "more than ... unadorned, the-defendant-

unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if

there is an "obvious alternative explanation" that would not result in liability, the

complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678,

682 (internal quotation marks omitted). Bare allegations that amount to a mere

restatement of the elements of a cause of action, without adequate factual support,

are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

*other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

(stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA,

giving courts power to dismiss deficient claims, sua sponte, before or after

opportunity to amend). Moreover, even if a complaint meets the pleading

requirements, dismissal under §§ 1915 and 1915A is still appropriate if an

affirmative defense is an "obvious bar to securing relief on the face of the

complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056

(9th Cir. 2016) (internal quotation marks omitted).

## 2.      Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction

("IDOC"), currently incarcerated at the Idaho State Correctional Center. Plaintiff,

who was represented at his criminal trial by the contract public defender for Custer

County, alleges that he received ineffective assistance of counsel in that trial.

*Compl.*, Dkt. 2, at 2–4. Plaintiff brings claims under 42 U.S.C. § 1983 and the

Idaho State Constitution, asserting that a limitation on funding included in the

public defender contract resulted in the allegedly inadequate representation and,

consequently, Plaintiff conviction and incarceration.

3.    **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

A.    *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

However, it is well-established that a § 1983 claim is not cognizable—meaning that it cannot be maintained—if the plaintiff's success on that claim would "render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Pursuant to *Heck*, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

If Plaintiff were to succeed on his claim that he received inadequate representation in his criminal trial as a result of the funding limitation of the County's public defender contract, his conviction necessarily would be deemed unconstitutional. Thus, *Heck* appears to bar Plaintiff's claims in this action.

In any amended complaint, Plaintiff must set forth how the alleged constitutional violations relate to his current incarceration. If Plaintiff believes that his claims, if successful, would *not* imply the invalidity of his conviction, he must set forth detailed allegations regarding that conviction and explain his position.

## B.    State Law Claims

In addition to § 1983 claims, Plaintiff asserts claims under the Idaho Constitution. Article 1, § 13 of that constitution "assures criminal defendants of reasonably competent assistance of counsel." *Aragon v. State*, 760 P.2d 1174, 1177 (Idaho 1988) (internal quotation marks omitted). However, the Court has found no authority for the proposition that Idaho recognizes a private right of action for violation of that constitutional guarantee.

The Idaho Supreme Court has explained the analysis a court must undertake

to determine whether a private cause of action exists:

> When a legislative provision protects a class of persons
> by proscribing or requiring certain conduct but does not
> provide a civil remedy for the violation, the court may, if
> it determines that the remedy is appropriate in
> furtherance of the purpose of the legislation and needed
> to assure the effectiveness of the provision, accord to an
> injured member of the class a right of action, using a
> suitable existing tort action or a new cause of action
> analogous to an existing tort action.

*Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (Idaho 1996) (relying on

Restatement (Second) of Torts § 874A) (emphasis omitted).

The Idaho Supreme Court held in *Yoakum* that there was no private right of

action under certain Idaho criminal statutes. The court relied on the following

factors: (1) the statutes were intended to protect the general public; (2) the statutes

provided for a criminal punishment; (3) there was no indication that the legislature

intended to create a private cause of action, and (4) there was no indication that

providing an additional civil remedy was necessary to assure the effectiveness of

the statutes. *Id.*

Similar reasoning exists here with respect to Article 1, § 13 of the Idaho

Constitution. Because it does not appear that Idaho has created a private right of

action with respect to the guarantee of reasonably competent counsel in a criminal

case, Plaintiff's state law claims are implausible. Moreover, because the Complaint

fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over any state law claims in any event. *See* 28 U.S.C. § 1367.

### 4.    Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity

performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must show that his claims are not barred by *Heck v. Humphrey*.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.   The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2.      If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon relief may be granted, failure to prosecute, or failure to comply with a Court order.

3.      Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 3, 2022

_____

B. Lynn Winmill
U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).