UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK CHARLES WILSON,<br><br>          Plaintiff,<br><br>  v.<br><br>CUSTER COUNTY, IDAHO;<br>CUSTER COUNTY PUBLIC<br>DEFENDER'S OFFICE and<br>EMPLOYEES; IDAHO STATE<br>PUBLIC DEFENSE COMMISSION<br>and EMPLOYEES; and UNKNOWN<br>JOHN AND JANE DOES 1<br>THROUGH 50,<br><br>          Defendants. | Case No. 1:22-cv-00098-BLW<br><br>**SUCCESSIVE REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Mark Charles Wilson is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and determined that Plaintiff's claims appeared barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Initial Review Order*, Dkt. 6, at 5–6. The Court allowed Plaintiff an opportunity to amend.

Plaintiff has now filed an Amended Complaint. Dkt. 12. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

## 1.    Request for Appointment of Counsel

Plaintiff seeks appointment of counsel. *Am. Compl.* at 5. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915,

formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a federal claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits of those claims. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**2.     Screening Requirement and Pleading Standards**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**3.   Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff has failed to establish that his claims are permissible at this time. If Plaintiff were to succeed on those claims, which assert that Plaintiff received ineffective assistance of counsel in a criminal case, that decision would necessarily imply the invalidity of his conviction. *Heck*, 512 U.S. at 487. Plaintiff has not alleged that his conviction has been declared invalid or otherwise called into question. Therefore, the Amended Complaint is subject to dismissal under *Heck v. Humphrey*.

### ORDER

**IT IS ORDERED:**

1.   Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

2.   Plaintiff's Motion to Leave to File an Amended Complaint (Dkt. 11)

is GRANTED IN PART, to the extent that the Court has reviewed the

Amended Complaint.

3.    The Amended Complaint fails to state a claim upon which relief may

be granted. Therefore, for the reasons stated in this Order and the

Initial Review Order (Dkt. 6), this entire case is DISMISSED without

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: January 18, 2023

_____
B. Lynn Winmill
U.S. District Court Judge